**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MATTHEW P. MCHALE, | |
| Plaintiff, | |
| v. | Civ. Action No. 11-2159 (KSH) (PS) |
| BERGEN COUNTY IMPROVEMENT AUTHORITY, et al., | |
| Defendants. | **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

This matter has come before the Court on Kathleen Donovan and Bergen County's motion to dismiss the amended complaint [D.E. 21] and the Bergen County Improvement Authority's motion to dismiss the amended complaint [D.E. 22].

The Court has reviewed the complaint and the parties' written submissions. The complaint lacks factual specificity and fails to satisfy the pleading standard of Federal Rule of Civil Procedure 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim, a pleading must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Context matters in notice pleading," and a complaint fails to state a claim if

1

"the factual detail in a complaint is so undeveloped that it does not provide a defendant with the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

The Third Circuit has held that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)); *see also Phillips*, 515 F.3d at 236 (same).

The motions to dismiss focus primarily upon the scarcity of facts in the amended complaint, and the Court finds that the opportunity to submit a second amended complaint may cure this shortcoming.  (The motions to dismiss incorporate legal arguments independent of pleading adequacy, but the content of plaintiff's second amended complaint may alter or render moot some of these arguments.)

Good cause appearing, it is on this 13th day of January, 2012,

**ORDERED** that within 21 days, plaintiff shall file a second amended complaint, setting forth facts with the specificity that Federal Rule of Civil Procedure 8(a) requires; and it is further

**ORDERED** that failure to file a second amended complaint within this timeframe shall result in dismissal of the action for the reasons stated in this order and in defendants' moving papers.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

2