<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATTHEW P. MCHALE, | |
| Plaintiff, | Civil Action No. 11-2159 (SRC) |
| v. | OPINION |
| BERGEN COUNTY IMPROVEMENT AUTHORITY et al., | |
| Defendants. | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on three motions: 1) the motion to dismiss Counts Five through Nine of the Second Amended Complaint for failure to state a valid claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Bergen County Improvement Authority ("BCIA"); 2) the motion to dismiss Counts One, Three, and Six through Nine of the Second Amended Complaint for failure to state a valid claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Kathleen Donovan ("Donovan"); and 3) the cross-motion for leave to amend the Second Amended Complaint by Plaintiff Matthew P. McHale ("McHale"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part, and the cross-motion for leave to amend will be granted in part and denied in part.

**BACKGROUND**

The Second Amended Complaint sets forth the following background. McHale alleges that, near the end of 2010, he entered into an employment contract with BCIA to serve as the

BCIA's Executive Director from December 30, 2010 to December 30, 2014. Shortly after the contract was signed, Donovan, the newly elected Bergen County Executive, vetoed the minutes of the BCIA public meeting in which McHale's appointment was authorized, and the BCIA rescinded his appointment. McHale filed a Complaint against the BCIA, Bergen County, Donovan, and each BCIA commissioner. The BCIA and Donovan have now separately filed motions to dismiss the Second Amended Complaint, and McHale has responded with an opposition brief and a cross-motion for leave to amend the Second Amended Complaint.

## STANDARD OF REVIEW

I.   **Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

> Factual allegations must be well-pleaded to give rise to an entitlement to relief:
>
> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is

appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## ANALYSIS

**II.** **Defendants' motions to dismiss**

    A.    Count One: wrongful veto

Count One asserts that Donovan wrongfully vetoed the minutes of the December 16, 2010 BCIA meeting (the "Meeting"), in violation of N.J.S.A. § 40:37A-50 and Article 3.5(h) of the Administrative Code of the County of Bergen. Donovan has moved to dismiss this claim for failure to state a valid claim for relief, and Plaintiff does not oppose the motion. Rather, Plaintiff proposes to drop this claim in the Third Amended Complaint, and contends that, as to this claim, the motion to dismiss is moot if leave to amend is granted. This Court construes this as a concession that Count One fails to state a valid claim for relief, and Count One will be dismissed without prejudice.

In place of Count One, Plaintiff seeks leave to add two new declaratory judgment claims, which ask for declaratory judgments that Defendants violated N.J.S.A. § 40:37A-50 and Article 3.5(h) of the Administrative Code of the County of Bergen. The problem with these claims is that they are valid only to the extent that they duplicate the breach of contract claim. To the extent that Plaintiff seeks a determination that his employment contract is valid and enforceable, this issue is covered by his claim for breach of contract and is therefore duplicative. It does not

4

appear that the declaratory judgments Plaintiff seeks will provide any real, actual relief for him. For a plaintiff to have standing to pursue a claim, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The injury Plaintiff complains of – the loss of his employment – is clear. It does not appear that the entry of a declaratory judgment that Defendants violated N.J.S.A. § 40:37A-50 and Article 3.5(h) of the Administrative Code of the County of Bergen will redress that injury. Because Plaintiff lacks standing to pursue the proposed Counts One and Two in the proposed Third Amended Complaint, as to those claims, the motion to amend will be denied.

      B.      Count Three: tortious interference with contract

Count Three asserts that Donovan's veto constitutes tortious interference with the valid contract between Plaintiff and BCIA. Donovan has moved to dismiss this claim for failure to state a valid claim for relief, largely on the ground that Plaintiff has failed to plead sufficient facts to establish all the elements of the cause of action.

Under New Jersey law, a claim for tortious interference with contract consists of four elements: (1) "the complaint must allege facts that show some protectable right – a prospective economic or contractual relationship;" (2) "the complaint must allege facts claiming that the interference was done intentionally and with malice . . . defined to mean that the harm was inflicted intentionally and without justification or excuse;" (3) "the complaint must allege facts leading to the conclusion that the interference caused the loss of the prospective gain;" and (4) "the complaint must allege that the injury caused damage." MacDougall v. Weichert, 144 N.J. 380, 404 (1996).

5

Plaintiff contends that Plaintiff has failed to adequately plead facts to support the second element of malice. Plaintiff argues that Plaintiff has not alleged that Donovan acted to advance her own economic interest, but this misses the point: the New Jersey Supreme Court has defined malice, in this context, to mean that the harm was inflicted intentionally and without justification or excuse. Id. The Second Amended Complaint pleads facts which support the inference that Donovan vetoed the approval of the contract intentionally and without justification or excuse. The Second Amended Complaint alleges that Donovan acted outside of her statutory authority, which certainly supports an inference of intentional unjustified action. Plaintiff has pleaded sufficient facts to raise a right to relief above a speculative level. As to Count Three, the motion to dismiss will be denied.

    C.    Count Five: breach of implied contract

Count Five asserts that "defendants made oral representations that were breached thereby giving rise to a claim for breach of implied contract." (Sec. Am. Compl. ¶ 76.) BCIA moves to dismiss this claim with a legal argument about oral representations. This Court cannot reach this issue because, on its face, Count Five does not state a cognizable claim. Count Five does not meet the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Count Five, as written, is fatally unclear. If there is any question about the confusing ambiguity of the phrase "implied contract," consult the notes in section 4 of the Restatement Second of Contracts, which distinguishes between contracts implied-in-law and contracts implied-in-fact. As written, Count Five does not offer a plain statement of the claim showing that the pleader is entitled to relief. Moreover, a claim must state "sufficient factual allegations, accepted as true, to 'state a claim for

relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Count Five does not meet this standard: what oral representations were made, and how were they breached? It is completely unclear what facts support which legal theory.

Furthermore, as with Count One, Plaintiff proposes to drop this claim in the Third Amended Complaint, and contends that, as to this claim, the motion to dismiss is moot if leave to amend is granted. This Court construes this as a concession that Count Five fails to state a valid claim for relief. As to Count Five, the motion to dismiss will be granted, and Count Five will be dismissed without prejudice.

    D.    Count Six: 42 U.S.C. § 1983

Count Six asserts that, in terminating Plaintiff's employment, Defendants violated Plaintiff's constitutionally-protected rights to freedom of association, speech, and political affiliation. BCIA moves to dismiss on the ground that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff, however, relies on a theory of municipal liability due to custom: "we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of the County Comm'Rs v. Brown, 520 U.S. 397, 403 (1997). Defendants contend that the Second Amended Complaint fails to identify the policy or custom in play. Plaintiff responds, persuasively, that, having identified the specific actions by the specific government policymakers (the county executive's veto of the meeting minutes and the BCIA's rescission of its approval of the contract), this suffices to identify the policy or custom that caused his injury.

Plaintiff is correct. The Supreme Court has held:

> [I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body -- whether or not that body had taken similar action in the past or intended to do so in the future -- because even a single decision by such a body unquestionably constitutes an act of official government policy. . . .
>
> [A] government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government "policy" as that term is commonly understood.

Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).  Plaintiff complains of injury due to specific actions taken by Bergen County's authorized decisionmakers.  This passes muster under Pembaur.  As to Count Six, the motion to dismiss will be denied.

BCIA and Donovan both move to dismiss Counts Seven and Eight on the ground that, if the § 1983 claim is invalid, the §§ 1985 and 1988 claims must be invalid also.  Because this Court has rejected Defendants' arguments about Count Six, this argument must fail.  As to Counts Seven and Eight, the motion to dismiss will be denied.

    E.    Count Nine: New Jersey's Civil Rights Act

Count Nine asserts that Defendants conspired to discriminate against Plaintiff because of his political affiliation, in violation of New Jersey's Civil Rights Act ("NJCRA").  Donovan moves to dismiss this Count on the ground that political affiliation is not protected under New Jersey's Law Against Discrimination.  This is a complete miss: Plaintiff has asserted a violation of his constitutional rights, as protected by the NJCRA.  The Law Against Discrimination is irrelevant.  BCIA moves to dismiss Count Nine for the same reasons that it moved to dismiss the § 1983 claim.  For the same reasons that this Court rejected that argument, it rejects this one.  As

to Count Nine, the motion to dismiss will be denied.

### III.  Plaintiff's cross-motion to amend

For the reasons discussed above, Plaintiff's cross-motion to amend the Second Amended Complaint to include new declaratory judgment claims will be denied.  The only other change that Plaintiff seeks is the reinstatement of Bergen County as a Defendant in certain counts.  Although it was a Defendant in the Amended Complaint, McHale "erroneously omitted" Bergen County from the Second Amended Complaint.  (Pl.'s Br. 11 n.3.)  The same counsel represents Bergen County and Donovan, and it indeed appears that the omission of Bergen County from the Second Amended Complaint was an oversight.  No Order has ever been entered in this case dismissing Bergen County as a party.  Defendants' reply briefs state no reason why this Court should not allow Bergen County to be reinstated as a Defendant.  The Court therefore will permit amendment for the sole purpose of reinstating Bergen County as a Defendant in this action.

### CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted in part and denied in part.  As to Counts One and Five, the motions to dismiss are granted, and these claims are dismissed without prejudice.  As to Counts Three and Six through Nine, the motions to dismiss are denied.  Plaintiff's cross-motion to amend the Second Amended Complaint is granted only insofar as Plaintiff seeks to reinstate Bergen County as a Defendant and is denied in all other respects.

　　　　　　　　　　　　　　　　　　　　　　　　  /s Stanley R. Chesler  
　　　　　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER, U.S.D.J.

Dated: July 31, 2012